## STATE ex rel. AUGUST SENSKE v. COMMON COUNCIL OF CITY OF WASECA and Others.[1]

November 10, 1911.

Nos. 17,291—(9).

**Mandamus — recital in alternative writ.**

The alternative writ of mandamus herein did not state or recite the facts alleged in the petition; but the writ recited that it appears to the court by the petition of the relator that all matters alleged and set forth in the petition, which is hereto attached, are true. *Held*, that the writ was valid.

**Election contest — dismissal.**

A party instituting an election contest by appeal may dismiss it, in a case where the answer of the contestee claims no affirmative relief, but is substantially a general denial.

[1]Reported in 133 N. W. 67.

**Mandamus — motion for judgment.**

A motion for judgment upon the return to an alternative writ of mandamus may be made at the place the writ is made returnable.

Upon petition by August Senske the district court for Waseca county issued its alternative writ of mandamus, directed to the common council of the city of Waseca, commanding them to determine the time, place and manner in which a certain election and tie vote for the office of alderman for the Second ward of the city might be determined at the next regular meeting of the common council, to be held on the second Tuesday of July, A. D. 1911, or to show cause why they had not done so. Upon the return day appellants' motion to quash the writ was denied. An answer was then made. Petitioner's motion for judgment that a peremptory writ issue was objected to for the reasons given in the third paragraph of the opinion, the objections were overruled, and the court, Childress, J., ordered a peremptory writ to issue. From that order, the common council and aldermen, individually, and as members of the common council and board of aldermen, appealed. Affirmed.

*P. McGovern, E. B. Collester, F. B. Andrews,* and *John Moonan,* for appellants.

*H. L. Schmitt* and *F. W. Senn,* for respondent.

START, C. J.

This is an appeal from a judgment of the district court of the county of Waseca, awarding a writ of mandamus directing the common council of the city of Waseca to fix, pursuant to the city charter, the time, place, and manner in which a vote for the office of alderman shall be determined. The facts are these:

The relator, August Senske, and the appellant George Goodspeed, were candidates for alderman from the second ward of the city at an election held April 4, 1911. Each received eighty-four votes, and the city council, as a canvassing board, on April 6, determined the result of the election to be a tie between the candidates. On April 11 Senske instituted a contest, and on May 12 he served notice of dismissal of the contest in the manner provided by the statute. R. L. 1905, §

4195. Thereafter Senske duly requested the common council to fix a time, place, and manner for the determination of the tie. The request was denied, and the judge of the district court, upon Senske's petition, issued an alternative writ of mandamus, returnable at his chambers in the city of Faribault, requiring the council to comply with the request or show cause why they had not done so on the return day of the writ, July 12, 1911, which was by consent changed to July 13. On the return day the parties appeared, and the appellants herein moved to quash the writ. The motion was denied, and the court made its further order that the appellants show cause by answer before the court at its chambers in the city of Faribault on August 1, at eleven o'clock a. m. The appellants appeared pursuant to the order, and filed their answer purporting to show cause. Thereupon the relator moved for judgment that the writ issue, notwithstanding the answer.

The appellants objected to the hearing of the motion for the reasons: "That no notice of any motion or ground for it had ever been served or given, as required by law or the practice of this court, and upon the further ground that this action is pending in the district court of Waseca county, and that there is no warrant of law for the determination of any such motion [as the one made by the relator] at this time or place." The objections were overruled, and the motion for judgment heard and granted.

1. The first alleged error here urged by the appellants is that the alternative writ was insufficient; hence the court erred in denying the motion to quash it.

The statute (R. L. 1905, § 4558) provides that the alternative writ "shall state concisely the facts showing the obligation of the defendant to perform the act." No question is made as to the sufficiency of the petition in this respect, but such facts were not stated or recited in the body of the writ. The petition, however, was attached to the writ, which recited that "it manifestly appears to the court by the petition of August Senske that all matters alleged and set forth in said petition, which is hereto attached, are true." The court directed that a copy of the order allowing the writ, with a copy of the writ and petition, be delivered to each of the appellants on or be-

fore July 10, 1911. The appellants claim that the petition was no part of the writ, and that the case falls within the rule that exhibits attached to a pleading do not serve the purpose, as a matter of pleading, of an allegation of fact, unless the pleading is so framed as to show an intention to make them such.

Conceding, for the purposes of this appeal, that this rule of pleading is applicable to the statements and recitals of fact in an alternative writ of mandamus—a doubtful concession—it is reasonably clear that the writ in this case was so framed as to show an intention to make the petition a part thereof. The original verified petition was attached to the writ, and it was so stated therein; and, further, it thereby appeared to the court that all matters alleged and set forth therein were true. We hold that the writ was sufficient, and that the motion to quash was correctly denied.

2. The second claim made is that relator's attempt to dismiss his contest was unavailing, and that it was still pending on appeal when the writ was issued. This is based upon the assumption that Goodspeed's answer to relator's contest set up affirmative matter, which, if proven, would entitle him to affirmative relief; hence the relator could not dismiss without his consent.

The answer to relator's contest denied each and all the grounds of contest specified in relator's notice of appeal, and gave notice that the contestee desired to offer testimony in such contest on the point that illegal votes were cast and counted for the contestant which affected the result, but for which the contestee would have been elected. The answer did not demand any affirmative relief, or suggest a cross-contest, or indicate that it was the purpose of the contestee to maintain a contest on his own behalf, independent of that of the contestant. In short, the answer was directed to the defeat of the relator's contest. We are of the opinion that the relator had the right to, and did, dismiss his contest.

3. The last contention of the appellants, meriting consideration, is that the trial court had no authority to hear the motion for judgment that the peremptory writ issue at the time and place the motion was made and heard. If the answer had tendered material issues of fact triable by a jury, it may be conceded that the appellants would

have been entitled to have such issues tried in the county where they resided. This, however, is not such a case; for the issues of fact tendered by the appellants' answer were not relevant to the question whether the peremptory writ should issue. The relator's motion for judgment notwithstanding the appellants' return and answer raised the question of the legal sufficiency of the facts therein alleged, and was correctly heard and determined at the place where the return to the writ was returnable, and where the appellants were required to show cause.

Judgment affirmed.